UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS AMPARO, | No. C 11-4436 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| G. NEOTI, warden, | |
| Respondent. | |

This action was opened when the court received from Marcos Amparo a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that challenges his 2005 conviction from Monterey County Superior Court. Amparo has another habeas petition pending in this courthouse that challenges the same conviction: *Amparo v. Adams*, No. C 09-801 MMC.

Amparo cannot have two different petitions challenging the same judgment. A petitioner generally may only file one habeas petition per state court judgment. He must include in a single petition all of his claims pertaining to the conviction and sentence covered by that judgment. *See Burton v. Stewart*, 549 U.S. 147 (2007) (action had to be dismissed because *Apprendi* challenge to sentence was a second or successive petition to earlier petition challenging conviction); *see also Hill v. State of Alaska*, 297 F.3d 895, 898 (9th Cir. 2002) (although the term "second or successive" in § 2244(b) is not defined in the statute, the Supreme Court and various circuit courts "have interpreted the concept incorporated in this term of art as derivative of the 'abuse-of-the-writ' doctrine developed in pre-AEDPA cases. . . . An 'abuse-of-the-writ' occurs when a petitioner raises a habeas claim that could have been raised in an earlier petition were

it not for inexcusable neglect.")

Generally, a second or successive petition challenging the same judgment may not be filed in this court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). However, when a new *pro se* habeas petition is filed before the adjudication of the first petition is complete, the new petition should be construed as a motion to amend the pending first petition rather than as a § 2244(b) successive petition. *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (petitioner's second *pro se* habeas petition was not successive under § 2244 and should instead be construed as a motion to amend because it was filed while his previous petition was still pending before the district court). The district court then has the discretion to decide whether the motion to amend should be granted. *Woods*, 525 F.3d at 890.

*Woods* applies here because the first petition (Case No. C 09-801 MMC) is still pending and has not yet been adjudicated. Any challenge to the 2005 Monterey County Superior Court conviction would have to be asserted, if at all, in Case No. C 09-801 MMC, as that is the first petition that challenges the judgment. The clerk shall file a copy of the petition from this action in Case No. C 09-801 MMC, for consideration therein. Although *Woods* contemplates that the new petition should be construed to be a motion to amend the pending first petition, it is not clear whether that is Amparo's intent – he may have been trying to file a traverse in that action.[1]

This action is DISMISSED because petitioner has a habeas petition pending that challenges the same conviction he seeks to challenge in this action.

---

[1] The deadline for Amparo to file a traverse in Case No. C 09-801 MMC was August 31, 2011. The habeas petition in the present action was mailed by Amparo on August 28, 2011 and has a proof of service with the handwritten notation, "compleating (sic) the deadlines 8/31/11 traverse documents." (Docket # 1, last page.)

2

Petitioner's *in forma pauperis* application is GRANTED. (Docket # 2, # 5.) His application for extension of time to file his *in forma pauperis* also is GRANTED; the application is deemed to be timely filed. (Docket # 4.)

After placing a copy of the copy of docket # 1 from this action into the case file for Case No. C 09-801 MMC for consideration therein, the clerk shall close the file for this action (i.e., close Case No. C 11-4436 SI).

IT IS SO ORDERED.

DATED: December 12, 2011

SUSAN ILLSTON
United States District Judge