1

2

3

4

5               UNITED STATES DISTRICT COURT

6             NORTHERN DISTRICT OF CALIFORNIA

7

8   MARCOS AMPARO,                        No. C 11-4436 SI (pr)

9            Petitioner,                  **ORDER OF DISMISSAL**

10        v.

11  G. NEOTI, warden,

12          Respondent.
                                      /
13  ———————————————————————

14

15       This action was opened when the court received from Marcos Amparo a form petition for

16  writ of habeas corpus pursuant to 28 U.S.C. § 2254 that challenges his 2005 conviction from

17  Monterey County Superior Court.   Amparo has another habeas petition pending in this

18  courthouse that challenges the same conviction:  *Amparo v. Adams*, No. C 09-801 MMC.

19       Amparo cannot have two different petitions challenging the same judgment.  A petitioner

20  generally may only file one habeas petition per state court judgment.  He must include in a single

21  petition all of his claims pertaining to the conviction and sentence covered by that judgment.

22  *See Burton v. Stewart*, 549 U.S. 147 (2007) (action had to be dismissed because *Apprendi*

23  challenge to sentence was a second or successive petition to earlier petition challenging

24  conviction); *see also Hill v. State of Alaska*, 297 F.3d 895, 898 (9th Cir. 2002) (although the term

25  "second or successive" in § 2244(b) is not defined in the statute, the Supreme Court and various

26  circuit courts "have interpreted the concept incorporated in this term of art as derivative of the

27  'abuse-of-the-writ' doctrine developed in pre-AEDPA cases. . . .  An 'abuse-of-the-writ' occurs

28  when a petitioner raises a habeas claim that could have been raised in an earlier petition were

1    it not for inexcusable neglect.")

2        Generally, a second or successive petition challenging the same judgment may not be

3    filed in this court unless the petitioner first obtains from the United States Court of Appeals for

4    the Ninth Circuit an order authorizing this court to consider the petition.  *See* 28 U.S.C. §

5    2244(b)(3)(A).  However, when a new *pro se* habeas petition is filed before the adjudication of

6    the first petition is complete, the new petition should be construed as a motion to amend the

7    pending first petition rather than as a § 2244(b) successive petition.  *Woods v. Carey*, 525 F.3d

8    886, 890 (9th Cir. 2008) (petitioner's second *pro se* habeas petition was not successive under §

9    2244 and should instead be construed as a motion to amend because it was filed while his

10   previous petition was still pending before the district court).  The district court then has the

11   discretion to decide whether the motion to amend should be granted.  *Woods*, 525 F.3d at 890.

12       *Woods* applies here because the first petition (Case No. C 09-801 MMC) is still pending

13   and has not yet been adjudicated.  Any challenge to the 2005 Monterey County Superior Court

14   conviction would have to be asserted, if at all, in Case No. C 09-801 MMC, as that is the first

15   petition that challenges the judgment.  The clerk shall file a copy of the petition from this action

16   in Case No. C 09-801 MMC, for consideration therein.  Although *Woods* contemplates that the

17   new petition should be construed to be a motion to amend the pending first petition, it is not

18   clear whether that is Amparo's intent – he may have been trying to file a traverse in that action.[1]

19       This action is DISMISSED because petitioner has a habeas petition pending that

20   challenges the same conviction he seeks to challenge in this action.

21

22

23

24

25

26       [1]The deadline for Amparo to file a traverse in Case No. C 09-801 MMC was August 31, 2011.
     The habeas petition in the present action was mailed by Amparo on August 28, 2011 and has a proof
27   of service with the handwritten notation, "compleating (sic) the deadlines 8/31/11 traverse documents."
     (Docket # 1, last page.)
28

1    Petitioner's *in forma pauperis* application is GRANTED.  (Docket # 2, # 5.)   His

2   application for extension of time to file his *in forma pauperis* also is GRANTED; the application

3   is deemed to be timely filed.  (Docket # 4.)

4    After placing a copy of the copy of docket # 1 from this action into the case file for Case

5   No. C 09-801 MMC for consideration therein, the clerk shall close the file for this action (i.e.,

6   close Case No. C 11-4436 SI).

7    IT IS SO ORDERED.

8   DATED: December 12, 2011

_____

SUSAN ILLSTON

9   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28